24-1447-ag
*Dedic v. Fluor Federal*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

>GUIDO CALABRESI,
>BARRINGTON D. PARKER, JR.,
>WILLIAM J. NARDINI,
>>*Circuit Judges*.

_____

RIFAT DEDIC,

>*Petitioner*,

>v.                                                                              24-1447-ag

UNITED STATES DEPARTMENT OF LABOR, FLUOR FEDERAL GLOBAL PROJECTS

>*Respondents*.

_____

| | |
|---|---|
| For Petitioner: | CLIFFORD R. MERMELL, Gillis, Mermell & Pacheco, P.A., Miami, FL. |
| For Respondent United States Department of Labor: | Mark A. Reinhalter, Eirik Cheverud, Office of the Solicitor *for* United States Department of Labor, Washington, District of Columbia. |

For Respondent Fluor Federal   JOHN F. KARPOUSIS (Michael J. Dehart, *on the brief*),
Global Projects:      Freehill Hogan & Mahar LLP, New York, NY.

Petition for review of three decisions by the United States Department of Labor Benefits Review Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Rifat Dedic seeks review of three orders of the United States Department of Labor Benefits Review Board (the "Board") affirming the denial of Dedic's claim for disability and medical benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq*. Dedic alleges he sustained orthopedic and psychological injuries while employed by Fluor Federal Global Projects as a tow truck operator in Afghanistan. The Board concluded that Dedic failed to prove that a continuing orthopedic or psychological injury prevents him from returning to his usual employment. We assume the parties' familiarity with the case.

"Our review is limited to whether the [Board] made any errors of law and whether substantial evidence supports the [administrative law judge's ("ALJ")] findings of fact." *Rainey v. Dir., Off. of Workers' Comp.*, 517 F.3d 632, 634 (2d Cir. 2008). Under the substantial evidence standard, if the ALJ's decision "is supported by substantial evidence, is not irrational, and is in accordance with the law, the decision must be affirmed." *Id*.

The LHWCA defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." 33 U.S.C. § 902(10). Accordingly, "disability under the [LHWCA] is an economic concept," the extent of which "cannot be measured by medical condition alone." *Pietrunti v. Dir., Off. of Workers' Comp. Programs*, 119 F.3d 1035, 1041 (2d Cir. 1997). This Court uses a burden-shifting approach to

evaluate the extent of a claimant's disability. At the first stage, a claimant must show that he cannot return to his regular or usual work due to his work-related injury, thus establishing a *prima facie* case of total disability. *See Palombo v. Dir., OWCP*, 937 F.2d 70, 73 (2d Cir. 1991). Once a claimant makes this *prima facie* showing, "the burden shifts to the employer to prove the availability of suitable alternative employment in the claimant's community." *Id*. "If the employer establishes the existence of such employment, the employee's disability is treated as partial, not total." *Id*.

## I. Orthopedic Injury

The parties' dispute centers primarily on whether Dedic has shown that he cannot return to his regular or usual work due to his injury. As to this, Dedic argues principally that the ALJ erred in concluding that he failed to show a disabling orthopedic injury because the ALJ accepted the opinion of Dr. Obermiller, a non-examining physician who reviewed his records, over the opinion of Dr. Hrustic, his treating physician who determined he was unable to work. We are unpersuaded.

This Court has previously held that an ALJ is not bound by the opinion of a treating physician if it is "contradicted by substantial evidence to the contrary." *Pietrunti*, 119 F.3d at 1042. Here, the ALJ's finding was not based solely on Dr. Obermiller's opinion—he also relied on Dr. Kocjancic's opinion, who performed an in-person independent medical exam of Dedic. The ALJ reasonably decided to place greater weight on Dr. Obermiller and Dr. Kocjancic's opinions because "they [we]re consistent with each other and the results of [Dedic's] medical testing." App'x 215. Both doctors opined that Dedic did not show signs of a neurological injury or a physiological source for his pain. In contrast, the ALJ found that Dr. Hrustic's opinion was "undermined by the absence of neurological evidence in the record." App'x 215. Dr. Hrustic confirmed he did not perform any neurological testing and failed to explain why such testing was

3

not necessary. Dr. Hrustic also based his opinion, in part, on a deficient EMG test which contradicted the results of the MRI scan, a scan which Dedic himself describes as "the gold standard for objective identification of injury to the spine." Petitioner's Br. at 42. The ALJ therefore rationally exercised his discretion in choosing not to credit Dedic's treating physician's medical opinion stating that Dedic was unable to work.

Dedic next argues that the ALJ's denial of benefits for back surgery recommended by Dr. Hrustic is not supported by substantial evidence. Dedic failed to raise this argument before the Board, so it is forfeited. *See Howell v. Universal Mar. Serv. Corp.*, 104 F.3d 353 (2d Cir. 1996) (table) (summary order).

Finally, Dedic argues that the ALJ erred in concluding that he failed to establish a *prima facie* case of a disabling orthopedic injury. This argument, which simply recycles Dedic's arguments above, also fails.

Accordingly, the ALJ's finding that Dedic failed to establish a continuing orthopedic disability was adequately supported and the Board properly affirmed it.

## II. Psychological Injury

Dedic makes various arguments in his petition for why he is entitled to compensation for his psychological injury. However, his arguments are undermined by two of the ALJ's findings which he does not challenge: (i) that he was "generally not credible" based upon significant inconsistencies with respect to his symptoms, App'x 232; and (ii) that the opinion of Dr. Selimbasic, one of Dedic's treating physicians, is unreliable because there is insufficient objective medical support for his conclusions. As a fact-finder, the ALJ has "the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and

4

other evidence." *Pietrunti*, 119 F.3d at 1042. "Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Id*.

Dedic's arguments for why he is entitled to compensation rely primarily on Dr. Selimbasic's opinion. Dedic effectively argues that the ALJ erred in failing to accept that he was unable to work as of March 28, 2017, because that is what Dr. Selimbasic stated. But the record establishes that the ALJ's assessment of Dr. Selimbasic's opinion was reasonable. Dr. Selimbasic concluded Dedic could not work because he showed signs of "shyness and solitude," "stayed away from other patients," and was "not fully able to participate with other individuals and communicate freely." Supp. App'x 474–75. However, that observation is contradicted by evidence that Dedic was interacting with guests at a rental property he managed, communicating extensively in a friendly manner, and driving them around—even though he told his healthcare providers that he was unable to drive. Dr. Selimbasic testified that he was unaware of Dedic's rental property business and formed his opinion without considering Dedic's business activities. Moreover, Dr. Selimbasic's opinion is undermined by Dedic's high scores on his General Assessment of Functioning (GAF) test, which suggest he would be able to work. The ALJ therefore accorded less weight to his opinion. That finding cannot be said to be "patently unreasonable" and accordingly, the Board properly affirmed the ALJ's decision.

Dedic also relies on the initial recommendation of Dr. Tsanadis that Dedic would "require cognitive behavioral based psychotherapy for 6 weeks with a return to work on a part-time basis as the primary goal," as evidence that Dr. Tsanadis agreed he was incapable of employment. App'x 196. As an initial matter, Dr. Tsanadis began the quoted section of his opinion by stating: "There is no consistent and/or reliable evidence to conclude that [Dedic] is literally incapable of performing material and substantial duties of his occupation due to mental illness." *Id*.

5

Accordingly, Dr. Tsanadis based his recommendation on Dedic's "decreased motivation and subjective symptomology," *id.*, symptoms he believed Dedic was "over-reporting" and "misrepresent[ing]," *id.* at 191. Moreover, Dr. Tsanadis testified that when he made his initial recommendation, he mistakenly understood that Dedic had been an inpatient in a psychiatric hospital, thus indicating a greater level of impairment. His recommendation was therefore based in part on a faulty factual basis. Upon learning that Dedic had received only outpatient treatment, Dr. Tsanadis testified that he had no "reliable or objective evidence to indicate that [Dedic] would not be capable of returning to work." Supp. App'x 366.

Because no other physicians limited Dedic's working activities, the ALJ's conclusion that Dedic failed to demonstrate a psychological disability is rational and supported by the record. Accordingly, the Board properly affirmed denial of Dedic's claim for benefits for his psychological injury.

*          *          *

We have considered Dedic's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6